PER CURIAM.
The parents appeal a disposition order entered in proceedings to terminate appellants’ parental rights of their four children. We affirm the trial court’s order that denied the amended petition to terminate, readjudicated the children dependent, and placed them together in long term foster care. See *652 §§ 39.469(1)(a), 39.469(1)(a)2; 39.35, Fla. Stat. (1995).
The issues in this ease arose when, on the last of approximately 22 days, nights, weekends of trial, the trial judge learned that because of the Guardian Ad Litem Program’s distinction between an “active” and “in court/administrative” guardian, there was no “active” guardian ad litem representing the best interests of the children in accordance with the applicable Florida Statutes and the Rules of Juvenile Procedure. See §§ 415.508, 39.402(7)(a) and 39.465(2) and Fla.R.Juv.P. 8.215(b).
The trial judge characterized the absence of an active guardian as fundamental and an impediment to her ability to conclude that the grounds for termination were established by clear and convincing evidence as required by Florida Statute section 39.469. We need not address these findings as the Department did not file a notice of appeal to challenge the order denying termination.
Appellants argue however that the absence of an active guardian precluded the trial judge from readjudicating the children dependent. Based on the record presented and the trial court’s specific factual findings, we disagree.
The trial court found that the father was the perpetrator of some form of sexual abuse upon the children, but that the nature and duration of the abuse was not clear. The trial court found further that the physical evidence of abuse was compelling and the parents’ explanation for its presence ludicrous. In connection with the mother, the trial court found that she refused to even question her husband about the possibility of his sexual involvement with the children and that she would never validate their statements that their father molested them. We find these unchallenged findings sufficient to support the trial court’s readjudication of the children as dependent. See § 39.408(2), Fla. Stat. (1995).
We also reject appellants’ argument that the Department did not use reasonable efforts to reunify them with their children. The trial judge’s remarks at the disposition hearing revealed that the parties received the appropriate therapy by two therapists. The judge noted that the parents were given Spanish speaking therapists, and the therapists’ techniques “used with both parents was right on target to try to deal with the issues.” Appellants do not challenge these findings as lacking evidentiary support.
Accordingly, we affirm the final order re-adjudicating the children dependent and placing them in long term foster care.
STONE, C.J., and POLEN and GROSS, JJ., concur.